Mr. President, you're going to go first. Good morning. Three minutes. Go ahead. Thank you. Thank you. So this was an unusual case because on the one hand you had what was really a were repeatedly assured by their attorneys that the promotions weren't the jury have concluded that the advice of the lawyers was not reasonable. It wasn't sound. So if I mean this goes to the heart of the question because our I mean when you look at those documents, you know, some of which were duplicated in the judge's opinion. It's I have difficulty Accepting a lawyer's advice that this is all hunky-dory. Well, ultimately the argument that we're advancing is certainly a jury was free to make that determination. But the argument that we're advancing is they had to be properly charged on the issue. And our argument is is that this supplemental charge at the end of the case dramatically skewed. The instructions was weighted heavily in favor of the government and wasn't an accurate description. The initial instruction was perfect, right? Advice of counsel on materiality. It was everybody agreed. I think one of the counseling referred to it as one of the best he's ever seen. So it wasn't attorney from Mr. Denkberg. I think attorney from Mr. Novice did make that comment. I wouldn't want to waive any arguments that I might advance on appeal if something should come up, but my focus here is on the supplemental charge, which part of the supplemental charge was wrong. So I think there's two problems with this supplemental charge, and I'm trying to articulate these both separately. One has to do with materiality, and one has to do with advice of counsel. But I mean, they work together, and together I think they harmed these defendants. I don't understand, though. The jurors know both of the questions deal with intent. They don't ask about materiality. They're trying to decide what intent you have to deceive someone. So they started, actually, to clarify two things. First, they start about asking the definition of average prudence. So that is a question that is aimed towards the issue of materiality. And then the second question that they ask, or at least I think the most important part of that question is, can a person be purposefully misleading but not have the intent to break the law as advice of counsel said they were within the law, right? So I mean, ultimately, that's a yes or no question. And I think it was a perceptive question. I think it went to the very heart of what the issue here was at trial. Could you have, at some level, a knowledge that these promotions might be deceiving, especially the most vulnerable members, the most gullible or credulous consumers, but still believe that it's lawful? Because what they're being told repeatedly is there's a materiality standard here. It's a reasonable consumer standard. These promotions are lawful because no reasonable person would be deceived of that. So what happens? This is what the jury's asking. What happens if... I think the question was, can you intend to mislead while not intending to break the law? Right. Can you be purposefully misleading but not have the intent to break the law as advice of counsel said you were within the law? What's the correct answer to that question? Well, I think the short, correct answer is yes, right? Especially under these facts, right? If these defendants... How can the answer be yes? Well, if these defendants are being advised that the bright line here, right, the standard of legality is basically a materiality standard. It's an objective, reasonable standard. They're being advised that's the bright line. If you don't cross that, it's not illegal. And they're being advised these promotions do not cross that bright line. So your suggestion is even if they know, their intent is to defraud people, they know it's fraudulent, but they have a lawyer telling them this doesn't cross the line, that it's okay? So when the government's talking about intent to fraud... I thought fraud was the line. Well, so I mean, and this is an interesting question, right? Because the court is defining... What's interesting is this question is actually asking about willfulness, right? It's asking about not intent to defraud. It's asking about intent to break the law, right? Which is the very heart of an advice of counsel defense. It's that you believe your actions are lawful. So what they're saying is, you know, we've been... If my lawyer tells me that it's lawful to kill someone, and by just putting a gun to their head and I shoot them, that's a defense? I mean, so the reason that's so hard to spot... I don't think I'd want to rely on it. Right. And I think what you're saying, essentially, is that no person would really believe that advice of counsel. You couldn't in good faith really believe that. So I say to my lawyer, I really want to misrepresent the material facts so that people will think that they've won the lottery and they'll buy... They'll spend a lot of money on taking these subscriptions. I want to make it look like I've won... So that someone's won the lottery. I want to target a population of people that are susceptible to believing this is a lottery. And I want to make it... I want them to believe that they've won the lottery. Can I do that legally? And he says yes, and you say that that's okay? Absolutely not, Your Honor. And that is the point I'm trying to make, is that these lawyers are saying, absolutely. They're telling the materiality is the standard. You can't have a material misrepresentation. And the lawyers are reviewing these, and they're reviewing the page of disclaimers here that say exactly what they are. And they say, you haven't crossed that line. These are not material misrepresentations. We're experts in this field. Okay. So it is... You can't, under the advice of counsel, commit a fraud in the sense of, tell me how I commit the fraud, and it's okay. It's... This isn't a fraud. What you've got on the piece of paper that you want to... Your workup that you want to send out is not material or misrepresent a material fact on which someone else will rely for their debt. And that's exactly the advice that these defendants received. And to bring it back to the instruction, I mean, so this is part of the problem, is that the government picks this language out of weaver, really in isolation, and has the judge craft this entire charge around this language. And it basically says, you know, it can be sufficient to find a material misrepresentation that would mislead a reasonable person, but it's not necessary. A defendant can also act with intent to defraud if he intended to deceive the ignorant or the gullible, right? And there's no counterbalanced instruction about, hey, don't forget, it still has to be a material misrepresentation. We don't get that. Okay. I guess the last thing I want, if I could have just one... The government says it wasn't necessary. They say it's not actually an element. Materiality is only a window into intent. It's not a free-stranding element. None of the cases, none of this Court's cases stand for that proposition. Certainly the Supreme Court's cases don't stand for that proposition. Materiality is an element, and they had to prove it beyond a reasonable doubt. Thank you. Warning. May it please the Court. Luke Cass on behalf of Sean Novus. I would submit it's fair to infer that the jury grappled with the advice of counsel during deliberations. They asked for the transcripts of the two attorneys that testified. They then sent the issue on appeal. The judge provided a supplemental instruction, and we have a slight variation than Mr. Prisden's argument. A couple of different alleged errors, we believe, that are problematic. First, it didn't remind the jury that the government bore the burden of proof as required by Scully. Scully stated that any instruction on advice of counsel has to include an unambiguous final reminder on the burden of proof and who carries it, and that wasn't... And the instruction to the jury, the judge couldn't have been clearer. It was very clear, right? In the 70 pages prior, Your Honor, but I think it would have been helpful to put that additional instruction when she was given the supplemental charge on the... You're suggesting there should be a new trial because you didn't repeat the burden? There wasn't a... What was inconsistent with that burden in the supplemental instruction? It was just talking about levels of intent. There was nothing inconsistent with that burden where it appeared to shift. It doesn't say the defendant has to do X, Y, and Z in the supplemental instruction, right? But Your Honor... She reminded the jury to consider and follow the original instructions. But Your Honor, she mentions X three different times in her supplemental charge, so it makes it as if... What else is wrong with the supplemental charge? So you pointed that out. What else is... I think Her Honor conflated the burden of production with the burden of proof was the second issue. The case law is very clear. Defendant need not establish their good faith. Of course, they can reject the advice of counsel defense altogether, but they're not required to prove a particular good faith. Their government's required to prove an intent to defraud, and that is a preliminary matter. If that was the case, you should never have allowed an advice of counsel defense to begin with. That's not for the jury's consideration. I think the proper response to that note is, yes, you should be referred to the original instructions. Well, the bottom line is that the key to the instruction was that if a defendant intends to defraud someone, the fact that the lawyer may be telling him otherwise is not going to be a defense. If he understands he's defrauding someone, and even if they're gullible or vulnerable, if he knows that and is taking advantage of that, he's guilty, right? They cite Weaver. We've said that before, that that's the law, right? But, Your Honor, you could be purposely misleading, and it's not mail-or-wire fraud. You have to have a heightened intent to defraud someone. So why couldn't the jury have that here? And you also made a sufficiency argument, which I was scratching my head at, going back to Judge Chin's question. If you look at these notices, it says guaranteed, confirmed, approved, fully guaranteed. Why couldn't a jury conclude that those are the material, and that they're clearly done with intent to deceive, to make someone think they won the lottery? Why couldn't a jury conclude that? But, Your Honor, there's language in the bottom of those prize notifications. All right, that's what the argument was. In tiny print. In tiny print, but some of the victims wrote sweepstakes booklet in the memo line of their checks, knowing that this is what they were buying. This document is not designed to make people believe that they've won $1,900,000. That's not what this is designed to do. It has that marketing aspect to it, Your Honor, but. All right, thank you. We'll hear from the government. Your Honor, may it please the court. Catherine Dick on behalf of the United States. Carolyn Rice is with me at council table. Your Honor, defendants cannot show that there's a substantial question of law or fact that was likely to result in reversal, new trial, or resentencing. I'm going to turn first to the jury instruction. The defendants fundamentally misapprehend what the person of ordinary prudent standard is about. It is in addition to evidence of an actual victim who is gullible, who is foolish, who is misunderstanding. It is not intended to supplant it. That would create a perverse incentive in which defendants could actually go after the most vulnerable in society because they were vulnerable. Instead, and I apologize that this isn't cited in our briefs, but United States versus Thomas discusses the history of this standard. It is quoted throughout Corsi and Weaver. But this came from the Silverman case in 1954 in which there was not a patently false statement. And so the court was trying to construct a test by which one could look at misleading statements and in theory determine if the perpetrator, and that's the focus of materiality, intended to deceive. So ultimately, materiality comes back to the perpetrator of the crime, not the victim. We do not blame the victims for being fooled by these prize notices. We do not blame them because the defendants undertook purposefully and deliberately steps to confuse them. Now, Weaver also acknowledges that there is a real interplay between materiality and intent to fraud. Those two concepts are separated in the elements, but they end up playing together. And the case law on materiality talks about intent to fraud. So in this case, we are not talking about a case that opens the floodgates to legitimate business people being harmed by this case law. We are talking about a business that was constructed for the purpose of fraud. This is not two businessmen who went to set up a legitimate sweepstakes pamphlet business. They would never have made $92 million, charging $24.99 per pamphlet. What they set up was a fraudulent prize notice business that intended to deceive people and then only provided them with other documents. So with respect to each of the judge's instructions, they were completely accurate. And going back to the instance of the purposely misleading, again, if you actually read the instruction, Judge Atzfair correctly said purposely misleading someone may be evidence of intent to fraud. She gave the option to the jurors to consider all of this information. If you go line by line, Judge Azraq's supplemental jury instruction accurately followed the law. Her carefully thought out opinions both on rejecting the defendant's Rule 29 and in the motion in the lower court for bond pending appeal addressed these issues. And for those reasons, we believe the supplemental jury instruction was completely legally accurate. Turning to the sufficiency of the evidence, I won't go too far into that, but the Regent and Starr case, it's about receiving the benefit of the bargain. The only analogous case here would be if the defendants contacted a victim and said, Mary Smith told me you really want a sweepstakes pamphlet for $24.99. That would be similar to what happened in Regent. There was an initial contact in which there was a lie told about what had happened. But then they were actually provided exactly the product that they were supposed to be provided. That is the opposite of what this case is, the opposite of the government's theory. And your honor, unless you have any questions, I will rest on the briefs. I don't think there are any questions, thank you. Thank you. To all of you, we'll reserve the decision. Have a good day. Thank you.